UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW JOSEPH HENRY,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN, USP-ATWATER,<br><br>  Respondent. | No. 1:24-cv-01578-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 6]** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On December 23, 2024, Petitioner filed the instant habeas petition. (Doc. 1.) On March 4, 2025, Respondent filed a motion to dismiss the petition. (Doc. 6.) Respondent seeks dismissal because Petitioner has been granted the relief he sought, to wit, the BOP has determined him eligible to earn and apply First Step Act ("FSA") time credits to his sentence. Petitioner did not file an opposition. Having reviewed the pleadings, the Court will recommend that Respondent's motion to dismiss be GRANTED.

**DISCUSSION**

**I.**     **Motion to Dismiss**

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer.

1

See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). The Court will review the motion under Rule 4 standards. See Hillery, 533 F. Supp. at 1194 & n. 12.

**II.     Mootness**

Article III of the United States Constitution limits the federal courts to deciding "cases" and "controversies." To ensure that any matter presented to a federal court meets that requirement, the Court considers the doctrines of standing, ripeness, and mootness. See Poe v. Ullman, 367 U.S. 497, 502-505 (1961). The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP, Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (*per curiam*) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).

Petitioner alleges the BOP wrongly deemed him ineligible for application of FSA credits due to his underlying conviction. Respondent states the case is now moot because Petitioner's records have been updated to show he is eligible to earn and apply FSA credits. According to Respondent's exhibits, on January 8, 2025, BOP Agency Counsel reviewed the petition and determined that Petitioner was eligible to earn FSA credits. (Doc. 6-1 at 3, 13.) On February 21, 2025, Petitioner's records were updated to reflect his eligibility for FSA credits. (Doc. 6-1 at 3, 13.) Since Petitioner has been granted the relief he sought, the underlying matter is moot.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to assign a district judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir.2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:  **April 11, 2025**                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE

3